IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**WESLEY R. GAMBILL**                                                                 **PLAINTIFF**

**VERSUS**                                                CAUSE NO. 1:21cv125-SA-DAS

**PLUMROSE USA, INC.**                                                                **DEFENDANT**

**JURY TRIAL DEMANDED**

**COMPLAINT**

This is an action to recover actual and punitive damages for disability discrimination in violation of the Americans with Disabilities Act, and wrongful termination in violation of Mississippi's public policy. The following facts support this action:

1.

Plaintiff WESLEY R. GAMBILL is an adult resident citizen of 129 County Road 5141, Booneville, Mississippi 38829.

2.

Defendant PLUMROSE USA, INC. is a Delaware corporation. Defendant may be served with process upon its registered agent, Corporation Service Company, 7716 Old Canton Road, Suite C, Madison, Mississippi 39110. Defendant is an employer within the meaning of the Americans with Disabilities Act Amendments Act ("ADAAA"), 42 U.S.C. § 12101, *et. seq.*

3.

This Court has federal question jurisdiction under 28 U.S.C. § 1331, and civil rights jurisdiction under 28 U.S.C. § 1343, and has jurisdiction under the Americans with Disabilities Act Amendments Act ("ADAAA"), 42 U.S.C. § 12101, *et. seq.* This Court has jurisdiction over Plaintiff's state law claim.

4.

Plaintiff was employed by Defendant for almost nineteen (19) years. Throughout this time, Plaintiff suffered from depression and a bipolar disorder. This mental illness affected Plaintiff's everyday activities, since it causes Plaintiff to sometimes want to do nothing except sleep and causes an inability to tolerate abuse and stress.

5.

Notwithstanding the disability, Plaintiff performed well throughout his employment with Defendant until Defendant hired an abusive supervisor, Ronda Pinson. Pinson harassed many employees, but persons with a normal mental disposition were better able to tolerate the harassment.

6.

Plaintiff's depression was exacerbated because of the insistence by Pinson that employees send contaminated products out of the plant. This caused Plaintiff's depression to worsen because Plaintiff knew that sending out contaminated products was illegal. Plaintiff was a supervisor over the inspectors, so he was distraught about being required to ship contaminated products.

7.

In July 2020, Plaintiff went on medical leave for a combination of physical problems and the depression. Plaintiff believes he was placed on short-term disability.

8.

On September 29, 2020, undersigned counsel for Plaintiff wrote Defendant a letter, complaining that Pinson's harassment was making the depression worse. *See* letter to Diana Word at Plumrose USA, Inc., from Jim Waide, dated September 29, 2020, attached hereto as Exhibit "A." Plaintiff requested a transfer to another department, stating he could not continue to work with Pinson unless her treatment improved. The letter also informed Defendant about the illegal activity that Pinson was forcing Plaintiff's department to do. A few days after Plaintiff's attorney sent the letter, two (2) representatives of the corporate office called Plaintiff about his letter.

9.

After receiving Plaintiff's attorney's letter, Plaintiff was offered a job on second shift. This was a manual job. By this time, however, Plaintiff had gained fifty (50) pounds, due to his depression and worry. Plaintiff did not believe, in his condition, that he could physically perform the job offered on the second shift. Defendant, however, was always hiring other employees, and there were numerous other positions that Plaintiff could get rather than the entry level manual labor position, which would have been a substantial pay decrease. Because Plaintiff could not work the second shift, and because Defendant would not transfer Plaintiff to any equivalent position, nor would it correct the behavior of Pinson, Plaintiff could not work.

10.

In October 2020, days after reporting the illegal activity, Defendant's HR manager informed Plaintiff that if he would not take the low-level labor job on second shift or work under Pinson that he was accepting Plaintiff's resignation. Plaintiff did not resign, but, instead, was terminated by Defendant, or was constructively discharged by Defendant.

11.

Plaintiff lost his job because Defendant would not provide a reasonable accommodation for Plaintiff's disability, either by correcting Pinson's behavior or by moving Plaintiff to a position away from Pinson that Plaintiff could perform.

12.

Defendant's actions have violated the ADAAA because Plaintiff has been discriminated against because of his disability, and Defendant failed to reasonably accommodate his disability. Plaintiff has suffered anxiety, stress, and lost income as a result of Defendant's actions.

13.

Another cause of Plaintiff's loss of his job was his reporting illegal activity. As such, Plaintiff sues for wrongful termination in violation of Mississippi's public policy.

14.

Plaintiff has filed an EEOC charge, attached hereto as Exhibit "B," and has received the right to sue letter, attached hereto as Exhibit "C."

**REQUEST FOR RELIEF**

Plaintiff requests actual and punitive damages, in an amount to be determined by a jury, reinstatement, and reasonable attorneys' fees, costs, and expenses.

RESPECTFULLY SUBMITTED, this the 4th day of August, 2021.

                WESLEY R. GAMBILL, Plaintiff

By:  */s/ Jim Waide*
      Jim Waide, MS Bar No. 6857
      Ron Woodruff, MS Bar No. 100391
      waide@waidelaw.com
      WAIDE & ASSOCIATES, P.A.
      332 North Spring Street
      Tupelo, MS 38804-3955
      Post Office Box 1357
      Tupelo, MS 38802-1357
      (662) 842-7324 / Telephone
      (662) 842-8056 / Facsimile

      ATTORNEY FOR PLAINTIFF

STATE OF MISSISSIPPI

COUNTY OF LEE

PERSONALLY came and appeared before me, the undersigned authority in and for the aforesaid jurisdiction, the within named WESLEY GAMBILL, who, after being first duly sworn, states under oath that the facts contained in the above and foregoing COMPLAINT are true and correct as stated therein.

_____
WESLEY GAMBILL

GIVEN under my hand and official seal of office on this the 28th day of July, 2021.

(SEAL)

_____
NOTARY PUBLIC

My Commission Expires: _____

KAREN N. DEMPSEY
ID # 50384
Commission Expires
Sept. 17, 2021
LEE COUNTY